FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2012 AUG 10 PM 4:33

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

KAI HANSJURGENS, )
)
    Appellant, )
)
v. ) CASE NO. CV411-202
)
DONALD H. BAILEY, )
)
    Appellee. )
_____)

## O P I N I O N

This case is before the Court on appeal (Doc. 1) from the June 17, 2011 Memorandum and Order of Bankruptcy Court Judge Lamar W. Davis, Jr. (Doc. 1-2 at 122-135). For the reasons that follow, Appellant's appeal is **DISMISSED**.[1] The Clerk of Court is **DIRECTED** to close this case.

### BACKGROUND

Appellee Donald H. Bailey ("Debtor") filed Chapter 11 bankruptcy on September 4, 2007 and as part of the administration of the estate, Debtor commenced an adversary proceeding against Hako-Med USA, Inc. ("Hako-Med") and Appellant Kai Hansjurgens. At trial, Debtor claimed that Appellant tortiously interfered with Debtor's contractual relations, thus entitling him to damages. (Id. at 231.)

---

[1] Nothing in this Opinion affects the Bankruptcy Court's Recommendation to the District Court for Withdrawal of Reference in 4:11-CV0191, a separate case also pending before this Court.

The Bankruptcy Court found that Appellant interfered with Debtor's potential business relations, depriving Debtor of the sale value of certain medical equipment. (Id. at 247.) According to the Bankruptcy Court, "[Appellant also] acted with malice and [with the] intent to injure" justifying the award of punitive damages. (Id. at 248.) The Bankruptcy Judge awarded Debtor $293,650.02 in actual damages and reserved a ruling on attorney's fees and punitive damages until after discovery and a hearing on the matter. (Id. at 248-50.) Appellant failed to respond to any requests for production of any post-judgment discovery materials. On April 7, 2011, the Bankruptcy Court entered a final order awarding $554,676.26 in punitive damages—double the compensatory damages—and $61,965.25 in attorney's fees. (Doc. 1-2 at 15.) Actual damages, punitive damages, and attorney's fees total $893,973.64.

On April 29, 2011, Appellant filed an untimely notice of appeal. (Id. at 122.) Appellant alleged that his former counsel—who withdrew from representation because of $7,870.00 in unpaid costs (Doc. 1-2 at 24)—informed him of an incorrect appeal deadline date, thus constituting excusable neglect for his untimely notice of appeal. (Id. at 123.) The Bankruptcy Court set a hearing on Appellant's motion for extension of time to appeal, but Appellant

failed to appear and instead filed a "Motion to Squash [sic] Hearing" accusing the Bankruptcy Judge of a conflict of interest and "prejudg[ing] [Appellant] . . . without presenting a single piece of evidence to back up this erroneous conclusion." (Id. at 124.) In all, Appellant failed to appear for three separate hearings, refused to comply with a post-judgment discovery order, and refused to comply with an order compelling post-judgment discovery. (Id. at 125.)

The Bankruptcy Judge denied Appellant's construed Motion to Disqualify and denied Appellant's Motion for Extension of Time to File Appeal. (Id. at 135.) In his notice of appeal, Appellant provided twenty-seven statements of issues on appeal (Doc. 1-2 at 161), however the brief before this Court (Doc. 3) contains only five.[2] Those five issues are: (1) whether Appellant has the right

---

[2] In Appellant's Designation of Record and Statement of Issues on Appeal, Appellant attempts to act on Hako-Med's behalf by regular reference to "Defendants." Additionally, in Appellant's brief before this Court, Appellant makes several references to "Defendants," suggesting both Appellant and Hako-Med. Critically, Hako-Med USA is not a party to the appeal and filed no notice of appeal. Appellant is not a member of the Bar of this Court and a non-attorney individual cannot represent a corporation in legal proceedings. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel.")

3

to amend a pending appeal; (2) whether Appellant's failure to timely file an appeal to a final order in the adversary proceedings was due to excusable neglect; (3) whether the bankruptcy court erred in finding Appellant was represented on all three occasions by counsel and no subpoena or proper order was ever served for Appellant to appear before the Bankruptcy Court; (4) whether the Bankruptcy Court erred in finding that Appellant refused to comply with post-judgment discovery; and (5) whether the Bankruptcy Court had a conflict of interest. (Doc. 3 at 6-8.) Debtor has responded in opposition, claiming that the issues raised are either moot, meritless, or abandoned. (Doc. 4.)

## ANALYSIS

I. STANDARD OF REVIEW

Findings of facts by a bankruptcy court on an appeal to the district court are reviewed under the "clearly erroneous" standard of review. In re Patterson, 967 F.2d 505, 508 (11th Cir. 1992). Findings of law, and the application of law to the facts by a bankruptcy court are reviewed de novo. Id. Moreover, reviewing courts examine "excusable neglect decisions only for an abuse of discretion." Advanced Estimating Sys. Inc. v. Riney, 77 F.3d 1322, 1325 (11th Cir. 1996).

## II. APPELLANT'S ATTEMPTED AMENDED APPEAL

Appellant alleges that the Bankruptcy Court erred in finding that no appeal was pending in a separate case, which denied him the opportunity to amend the pending appeal. (Doc. 3 at 12.) On August 18, 2011, this Court entered an order dismissing Appellant's Notice of Appeal. (See CV411-11 Doc. 5.) Therefore, any previous request by Appellant to amend what he terms a "pending appeal" is improperly before this Court. Because there is no pending appeal to amend, this issue is moot.

## III. BANKRUPTCY COURT'S CONCLUSION THAT APPELLANT'S FAILURE TO TIMELY FILE AN APPEAL TO A FINAL ORDER WAS NOT EXCUSABLE NEGLECT

Appellant contends that the Bankruptcy Court erred by failing to properly determine that his untimely appeal was due to excusable neglect. (Doc. 3 at 12.) Appellant argues that the Bankruptcy Court "did not mention, much less consider, the [excusable neglect] factors. In this Circuit that is an abuse of discretion." (Id. at 13.) Debtor, on the other hand, claims that Appellant has failed to prove the required excusable neglect factors. (Doc. 4 at 7.)

Bankruptcy Rule 8002(a) states that "[t]he notice of appeal shall be filed with the clerk within 14 days of the date of the entry or the judgment, order, or decree

appealed from."[3]  Fed. R. Bankr. P. 8002(a).  A post-deadline extension may be granted "upon a showing of excusable neglect."  Fed. R. Bank. P. 8002(c)(2).  The Eleventh Circuit has held that "as a matter of law . . . an attorney's misunderstanding of the plain language of a rule cannot constitute excusable neglect such that a party is relieved of the consequences of failing to comply with a statutory deadline."  Advanced Estimating Sys., Inc. v. Riney, 130 F.3d 996, 998 (11th Cir. 1997)  In Riney, the Eleventh Circuit affirmed that a mistake of law—a mistaken understanding of a rule by an attorney—is not "excusable neglect" sufficient to justify a missed deadline.  Id. at 999.  The Supreme Court has opined that it is appropriate to hold a party responsible for the omissions or mistakes of their attorney.  Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993).  In so holding, the Supreme Court found that because a party

> voluntarily chooses his attorney as his representative, [he] cannot avoid the consequences of the acts or omissions of this freely selected agent.  Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed by the acts of his lawyer-agent and is

---

[3] The final order from the Bankruptcy Court was issued on April 7, 2011, a timely notice of appeal would have had to be filed on or before April 21, 2011.  Appellant did not file a Notice of Appeal until April 29, 2011.

considered to have notice of all facts, notice of
which can be charged upon the attorney.

Pioneer, 507 U.S. at 597 (citations omitted).

Bound by this precedent, the Court does not find excusable neglect. The Court is also not persuaded by Appellant's argument that his rights were unfairly affected because he appeared pro se rather than through counsel. See United States v. Pippin, 473 F. Supp. 2d 1171, 1173 (M.D. Ala. 2006) (holding that "indigence and pro se status alone are not sufficient for a finding of excusable neglect or good cause"). While Appellant argues he relied on his former counsel's termination letter to make an appeal, such mistake is one of law and not excusable neglect.[4]

Appellant also incorrectly alleges that the Bankruptcy Court failed to weigh the Pioneer factors regarding the untimely notice of appeal. Appellant is incorrect because the Bankruptcy Court expressly relied upon Riney, which applies Pioneer. (See Doc. 1-2 at 127.) In fact, Riney holds that the Pioneer factors for determining whether excusable neglect applies "does not change existing law that a lawyer's misunderstanding of clear law cannot constitute excusable neglect. If it could, almost every

---

[4] It also bears mention that Appellant's failure to read the rule himself is equally unjustifiable, especially in light of his counsel's withdrawal.

7

appellant's lawyer would plead his own inability to understand the law when he fails to comply with a deadline." Riney, 130 F.3d at 998. Such is the case here. As has been explained above, precedent cannot excuse Appellant for a mistake of law that was made by his former counsel. Accordingly, the Bankruptcy Court did not abuse its discretion in denying Appellant's motion for extension of time to file appeal and the appeal must be dismissed.

Appellant has also cited cases where untimely appeals were granted extensions, but Appellant mischaracterizes or obfuscates those cases. For example, Appellant cites Cheney v. Anchor Glass Container Co., 71 F.3d 848 (11th Cir. 1996), which not only predates Riney but also is expressly distinguished by the Eleventh Circuit in Riney itself. Riney, 130 F.3d at 999 ("In fact, Cheney is distinguishable [and involved] a mistake of fact . . . about whether a message was delivered.") In Riney, like the present case, the mistake was one of law, not fact. The reason for the failure both in Riney and for Appellant is the failure to review or appreciate the relevant rules, which clearly indicate that a party has a set length of time to file with the court. See id. "The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of the law does not excuse." Id. At present,

Appellant's former counsel's misunderstanding of the law is no different and cannot constitute excusable neglect. As a result, Appellant's appeal was untimely filed and is dismissed for lack of jurisdiction.

## CONCLUSION

Because the appeal is dismissed on jurisdictional grounds, the remaining issues raised in Appellant's brief must be dismissed as moot. For the reasons above, the appeal is **DISMISSED**. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 10th day of August 2012.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA